BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>APPROXIMATELY $66,379.31 IN U.S. CURRENCY SEIZED FROM GOLDEN ONE CREDIT UNION ACCOUNT NUMBER 1321409-2, HELD IN THE NAME OF REZA MEHDIZADEH, and<br><br>APPROXIMATELY $3,905.03 IN U.S. CURRENCY SEIZED FROM GOLDEN ONE CREDIT UNION ACCOUNT NUMBER 909462-0, HELD IN THE NAME OF REZA MEHDIZADEH AND ABBAS TOURZANI,<br><br>　　　　　Defendants. | 2:12-MC-00081-WBS-KJN<br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　On June 19, 2012, the Internal Revenue Service ("IRS") executed a Federal seizure warrant at Golden One Credit Union located at 8945 Cal Center Drive, Sacramento, California. The agents seized Approximately $66,379.31 in U.S. Currency from Golden One Credit Union Account Number 1321409-2, held in the name of Reza Mehdizadeh and Approximately $3,905.03 in U.S. Currency from Golden One Credit

1

Union Account Number 909462-0, held in the name of Reza Mehdizadeh and Abbas Tourzani (hereafter the "defendant funds"). IRS then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 26, 2012, the IRS received a claim from Abbas M. Tourzani asserting an ownership interest in the defendant funds.

2.   The government represents that it could show at a forfeiture trial that on June 19, 2012, IRS agents executed a Federal seizure warrant on the defendant funds. The agents seized Approximately $66,379.31 in U.S. Currency and Approximately $3,905.03 in U.S. Currency that was allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000.00 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

3.   Without admitting the truth of the factual assertions contained in this stipulation, Abbas M. Tourzani and Reza Mehdizadeh specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Abbas M. Tourzani and Reza Mehdizadeh agree that an adequate factual basis exists to support forfeiture of the defendant funds.  Abbas M. Tourzani and Reza Mehdizadeh hereby acknowledge that they are the sole owners of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Abbas M. Tourzani and Reza Mehdizadeh shall hold harmless and indemnify the United States, as set forth below.

4.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

6.   The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8. Upon entry of the Consent Judgment of Forfeiture, $30,000.00 of the $66,379.31 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

9. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $36,379.31 of the $66,379.31 in U.S. Currency and the Approximately $3,905.03 in U.S. Currency, shall be returned to potential claimants Abbas M. Tourzani and Reza Mehdizadeh.

10. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

11. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

12. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: March 18, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE